UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

M.F., a child with a disability, individually and
by his parent and next friend, T.M., and T.M.,
individually,

                    *Plaintiffs*,

  -against-

IRVINGTON UNION FREE SCHOOL DISTRICT,

                    *Defendant*.
_____

COMPLAINT

Case No. 08 CIV. 2473

JUDGE ROBINSON

    M.F., a child with a disability, individually and by his parent and next friend, T.M., and T.M., individually, by and through their attorneys, LAW OFFICE OF ANDREW K. CUDDY, for their complaint hereby alleges:

    1. This is an action brought pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(2), section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, Article 89 of the New York State Education Law, and the applicable state and federal regulations.

    2. Plaintiffs T.M. and M.F. reside in the County of Westchester, State of New York, within the territorial jurisdiction of defendant IRVINGTON UNION FREE SCHOOL DISTRICT.

    3. Plaintiff M.F. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

    4. T.M. is the parent of M.F. as defined by IDEA, 20 U.S.C. § 1401(19)(A).

1

5. Defendant IRVINGTON UNION FREE SCHOOL DISTRICT is a local educational agency as defined by IDEA, 20 U.S.C. § 1401(15), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, 29 U.S.C. § 794, 42 U.S.C. § 12101 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, upon the civil enforcement provision of IDEA 2004, 20 U.S.C. § 1415(i)(2), upon 28 U.S.C. § 1343(a)(3) and (4), which authorize the district courts to enforce rights, privileges and immunities secured by the Constitution of the United States and by Acts of Congress, and upon 28 U.S.C. § 1367, which provides supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of plaintiffs and the location of defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. By letter dated January 21, 2007, plaintiff parent demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

2

9. Plaintiff's letter stated that the district's committee on special education (CSE) failed to provide an appropriate program for M.F.'s 2006–07 school year, and requested reimbursement for tuition at the Kildonan School for that school year.

10. The district appointed Impartial Hearing Officer (IHO) George Hunter Roberts.

11. A hearing was held before IHO Roberts on June 1st, 21st and 26th of 2007.

12. On September 12, 2007, IHO Roberts issued a decision finding that (1) defendant denied M.F. a free appropriate public education (FAPE) for the 2006–07 school year, and (2) Kildonan was appropriate for M.F.'s first semester. He found, however, that during the second semester that Kildonan failed to satisfy IDEA's least restrictive environment (LRE) requirement.

13. As such, the IHO awarded the parent reimbursement for one half the 2006–07 tuition at Kildonan.

14. Defendant appealed IHO Roberts' decision to the New York State Department of Education's State Review Officer (SRO) pursuant to 20 U.S.C. § 1415(g), and plaintiffs cross-appealed.

15. On December 13, 2007, the SRO sustained the appeal. *Application of the Board of Education of the Irvington Union Free School District,* Appeal No. 07-121.

16. Despite a clearly pleaded cross-appeal by the plaintiffs, the SRO did not rule on the cross-appeal.

FACTUAL BACKGROUND

17. M.F. was born in 1993.

3

18. M.F. is classified as learning disabled.

19. M.F. presents with a classic dyslexic profile, with deficits in spelling, word reading, pseudoword decoding, short-term and working memory, and processing speed.

20. His overall intellectual ability sits squarely in the average range.

21. He also exhibits deficits in organization, attention/focus, pragmatic judgment and executive functioning.

22. In an individualized education program (IEP) created at a committee on special education (CSE) subcommittee meeting (sub-CSE) held on March 22, 2006 and offered to the plaintiffs for the 2006–07 school year, defendant's CSE recommended direct consultant teacher services in two core subjects, two hours weekly per subject, counseling for thirty minutes per week, a copy of class notes and use of a word processor for extended written responses, along with certain testing accommodations on statewide and districtwide assessments.

23. Additionally, the IEP contained four annual goals in study skills, and three annual goals in the social/emotional/behavioral area.

24. The sub-CSE relied upon 11 evaluations in preparing this IEP. Nine of the 11 evaluations were more than three years old at the time of the sub-CSE meeting.

25. The March 22, 2006 IEP failed to address M.F.'s deficits in, *inter alia,* reading, writing, and spelling.

26. By letter delivered via facsimile on September 1, 2006 and by hand delivery as well, the parent notified the defendant that she was removing M.F. from the public school and placing him at Kildonan commencing on September 12, 2006, and that she intended to seek tuition reimbursement from the school district.

27. On September 6, 2006, the defendant held a CSE meeting and developed a new IEP.

28. In December of 2006, defendant informed the parent that its board of education had reviewed and approved the September 6, 2006 recommendations.

### THE IMPARTIAL HEARING OFFICER'S DECISION

29. On September 12, 2007, IHO Roberts issued a decision granting reimbursement to the parent for 50% of the 2006–07 tuition at Kildonan.

30. The IHO apparently found a denial of FAPE, and that Kildonan was appropriate initially, but, in light of what he characterized a "remarkable turnabout" in M.F.'s classroom performance, he (again apparently) decided that, after one semester, Kildonan became too restrictive for M.F. and that the parent (apparently) should have returned him to the public school at that time.

### THE STATE REVIEW OFFICER'S DECISION

31. Defendant appealed the IHO's decision of the New York State Review Officer (SRO) and plaintiff cross-appealed.

32. By decision dated December 13, 2007, a state review officer, Paul F. Kelly, sustained the defendant's appeal.

33. Mr. Kelly ignored the plaintiffs' cross-appeal. Ordinarily, when a party cross-appeals, the existence of the cross-appeal is acknowledged in the first paragraph of the SRO decision, and the determination of the cross-appeal appears in the decretal portion at the conclusion of the decision. Mr. Kelly makes no mention of a cross-appeal in those portions of his decision.

34. Furthermore, while plaintiffs incorporated by reference a closing brief submitted to the hearing officer as part of their appeal, Mr. Kelly elected to deem waived any arguments appearing in that brief:

> In her answer and cross-appeal, respondent attempts to incorporate by reference her post hearing brief to support a number of her allegations. A cross-appeal challenging all or part of an impartial hearing officer's decision must be included in respondent's answer (8 NYCRR 279.4[b]). An answer must include any written argument, memorandum of law, and additional documentary evidence (8 NYCRR 279.5) (emphasis added). State regulations also direct that "[n]o pleading other than the petition or answer will be accepted or considered by a State Review Officer except a reply by petitioner to the answer" (8 NYCRR 279.6). In this appeal, respondent is represented by counsel. To the extent that respondent refers to her post-hearing brief in her answer and cross-appeal for factual allegations, a post hearing brief is not a substitute for a properly drafted answer and cross-appeal and cannot be used to circumvent state regulations governing pleading requirements (see *Application of a Child with a Disability*, Appeal No. 07-113; *Application of a Child with a Disability*, Appeal No. 06-096). For the foregoing reasons, respondent's assertions that incorporate by reference her post hearing brief and do not contain a clear and concise statement of those assertions were not considered in this appeal.

SRO Appeal No. 07-121, footnote 3.

35. Notably, the cross-appeal from the IHO's award of only 50% of the tuition appears in the answer in a section styled "AS AND FOR A CROSS APPEAL." Answer and Cross-appeal, ¶¶ 28–31.

36. Despite a pleading of the cross-appeal, Kelly apparently did not consider the merits of that cross-appeal.

37. Furthermore, by simply ignoring the arguments incorporated by reference via the closing brief, Kelly completely mischaracterized the plaintiffs' position.

38. In a footnote on page 14 of his decision, Kelly states that "I note that on appeal, respondent does not allege that the program recommended in the March 2006 IEP contained any procedural or substantive violations of the IDEA." SRO Appeal No. 07-121, footnote 5.

39. Footnote 5 demonstrates a complete disregard of the arguments raised by plaintiffs before the IHO.

40. Footnote 5 also depends upon an arbitrary determination by Paul Kelly in footnote 6:

> Respondent does not identify in her answer and cross-appeal whether she is referring to the March 2006 IEP, September 2006 IEP, or both. For purposes of this appeal, and because the September 2006 IEP is the most recent IEP governing the 2006-07 school year, I refer to the September 2006 IEP.

SRO Appeal No. 07-121, footnote 6, page 15.

41. Footnote 6 ignores the fact that plaintiffs raised specific arguments relating to the March 22, 2006 IEP before the hearing officer. See Parent Memorandum of Law at Impartial Hearing, pp. 15 (outdated evaluations), 16–17 (outdated present levels of performance), 17 (inappropriate goals and objectives).

42. Furthermore, the parent's arguments below included points that applied to both the March and September IEPs. See Parent Memorandum of Law at Impartial Hearing, pp. 17–18 (noting that M.F. required a more intensive program than either IEP provided).

43. In response to the argument that the defendant did not have an appropriate program in place at the beginning of the 2006-07 school year, Kelly points to the March 22nd IEP, and makes the arbitrary and capricious statement that the

parent did not allege on appeal that the March IEP had substantive or procedural violations.

44. Kelly then proceeded to analyze the September 6th IEP (which did not exist at the time the parent withdrew M.F. from the public school) and found it to be appropriate.

45. Notably, despite the fact that the parent had raised arguments regarding the substance of both the March and September IEPs, and regarding the procedure surrounding the March IEP, Kelly arbitrarily and capriciously deemed the parent to challenge only the September IEP on its substance.

## First Cause of Action

46. Plaintiffs repeat and reallege paragraphs 1 through 45 as if more fully set forth herein.

47. The SRO erred in sustaining the defendant's appeal.

48. The actions by defendant IRVINGTON UNION FREE SCHOOL DISTRICT and the decision of the SRO, as set forth above, interfered with and denied plaintiff M.F. his right to a free appropriate public education (FAPE) under the IDEA, 28 U.S.C. § 1400 *et seq.* and N.Y. Education Law Article 89, and the regulations promulgated under state and federal law.

## Second Cause of Action

49. Plaintiffs repeat and reallege paragraphs 1 through 48 as if more fully set forth herein.

50. The SRO erred in dismissing the plaintiffs' cross-appeal.

51. The actions by defendant IRVINGTON UNION FREE SCHOOL DISTRICT and the decision of the SRO, as set forth above, interfered with and denied plaintiff M.F. his right to a free appropriate public education (FAPE) under the IDEA, 28 U.S.C. § 1400 *et seq.* and N.Y. Education Law Article 89, and the regulations promulgated under state and federal law.

THIRD CAUSE OF ACTION

52. Plaintiffs repeat and reallege paragraphs 1 through 51 as if more fully set forth herein.

53. Plaintiffs are entitled to reasonable attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, plaintiffs respectfully request that this Court:

(1)   Assume jurisdiction over this action;

(2)   Enter a declaratory judgment, declaring that the defendant's actions and failures and/or refusals to act have violated plaintiffs' statutory and constitutional rights as alleged;

(3)   Enter a declaratory judgment, declaring that the decision of the state review officer of December 13, 2007 is invalid and of no legal effect;

(4)   Enter a declaratory judgment, declaring that the decision of the IHO is invalid to the extent that it awarded only 50% of the tuition reimbursement for the 2006–07 school year at Kildonan;

(5)   Order the defendant to reimburse the plaintiff parent for the full tuition and related costs at Kildonan during the 2006–07 school year, plus reasonable interest;

9

(6)     Enter a declaratory judgment that the defendant denied the student a FAPE during the 2006–07 school year;

(7)     Maintain continuing jurisdiction over this action until the defendant is in compliance with each and every order of this Court;

(8)     Award to the plaintiffs costs, expenses and attorneys' fees for the administrative proceedings pursuant to 20 U.S.C. § 1415; 42 U.S.C. § 1988; 29 U.S.C. § 794(a); and/or 42 U.S.C. § 12205;

(9)     Award to the plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; 42 U.S.C. § 1988; 29 U.S.C. § 794(a); and/or 42 U.S.C. § 12205; and

(10)    Grant such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
       March 6, 2007

Yours etc.,

s/ Andrew K. Cuddy
LAW OFFICE OF ANDREW K. CUDDY
*Attorneys for Plaintiffs*
5888 Main Street
Williamsville, New York 14221
(716) 868-9103
akcuddy132@aol.com
jhsterne@mac.com

10