UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
M.F., a child with a disability, individually and by
His parent and next friend, T.M., and T.M.,                          08 CIV. 2473 (SCR)
Individually,
                                    *Plaintiffs,*
                        -against-                                    **ANSWER**

IRVINGTON UNION FREE SCHOOL DISTRICT,
                                    *Defendant.*
-----------------------------------------------------------------X

Defendant IRVINGTON UNION FREE SCHOOL DISTRICT (the "District"), by its

attorneys, KUNTZ, SPAGNUOLO & MURPHY, P.C., hereby answer the allegations contained

in the Complaint filed on March 11, 2008 and served on the District on March 11, 2008 as

follows:

1.      Admits the allegations contained in paragraph number "1" of the complaint.

2.      Admits the allegations contained in paragraph number "2" of the complaint.

3.      Admits the allegations contained in paragraph number "3" of the complaint.

4.      Admits the allegations contained in paragraph number "4" of the complaint.

5.      Admits the allegations contained in paragraph number "5" of the complaint.

6.      Admits the allegations contained in paragraph number "6" of the complaint.

7.      Admits the allegations contained in paragraph number "7" of the complaint.

8.      Admits the allegations contained in paragraph number "8" of the complaint.

9.      Admits the allegations contained in paragraph number "9" of the complaint.

10.     Admits the allegations contained in paragraph number "10" of the complaint.

11.     Admits the allegations contained in paragraph number "11" of the complaint.

12.     Admits so much of the allegations contained in paragraph number "12" of the

complaint that on September 12, 2007, IHO Roberts issued a decision; denies the remainder of

1

the allegations, and asserts that the IHO found that "for the first semester of the school year 2006-2007…that [the District] did not have on the first day of school a program in place appropriate for M.F.." and further found that "…the first semester at Kildonan was appropriate, but that the second semester fails the least restrictive environment test" (See, IHO Decision p. 5).

13.    Admits the allegations contained in paragraph number "13" of the complaint.

14.    Admits the allegations contained in paragraph number "14" of the complaint.

15.    Admits the allegations contained in paragraph number "15" of the complaint.

16.    Denies the allegations contained in paragraph number "16" of the complaint and respectfully refers this Court to the SRO decision.

17.    Admits the allegations contained in paragraph number "17" of the complaint.

18.    Admits the allegations contained in paragraph number "18" of the complaint.

19.    Admits so much of the allegations contained in paragraph number "19" of the complaint that M.F. has deficits in the areas of spelling, reading, decoding, short term memory, working memory and processing speed, but denies the remainder of the allegations and asserts that M.F. also struggled with attention and behavior, displayed high degrees of anxiety and emotional reactivity.

20.    Admits the allegations contained in paragraph number "20" of the complaint.

21.    Denies the allegations contained in paragraph number "21" of the complaint.

22.    Admits so much of the allegations contained in paragraph number "22" of the complaint that the District's Sub-Committee on Special Education (Sub-CSE) met on March 22, 2006 in order to create an Individualized Education Program (IEP) for M.F. for the 2006/07 school year, and as such recommended consult teacher services for two core subjects, counseling for thirty minutes a week, copy of class notes, use of a word processor and testing

accommodations, but denies the remainder of the allegations, and asserts that the consultant

teacher services were for  English and Social Studies and that those classes and services were

given daily.

23.     Admits the allegations contained in paragraph number "23" of the complaint.

24.     Denies the allegations contained in paragraph number "24" of the complaint.

25.     Denies the allegations contained in paragraph number "25" of the complaint.

26.     Denies the allegations contained in paragraph number "26" of the complaint.

27.     Admits the allegations contained in paragraph number "27" of the complaint.

28.     In response to paragraph "28" of the complaint, defendant admits that in

December 2006, the defendant sent a letter to the plaintiff which explained that the Board of

Education had reviewed and approved the September 6, 2006 IEP, but asserts that the plaintiff

was informed on September 6, 2006, at the CSE meeting, that the amendments to the IEP would

be implemented immediately.

29.     Admits the allegations contained in paragraph number "29" of the complaint.

30.     Denies the allegations contained in paragraph number "30" of the complaint.

31.     Admits the allegations contained in paragraph number "31" of the complaint.

32.     Admits the allegations contained in paragraph number "32" of the complaint.

33.     Denies the allegations contained in paragraph number "33" of the complaint.

34.     Denies the allegations contained in paragraph number "34" of the complaint, and

respectfully refer this Court to the SRO's decision.

35.     Denies the allegations contained in paragraph number "35" of the complaint.

36.     Denies the allegations contained in paragraph number "36" of the complaint.

37.     Denies the allegations contained in paragraph number "37" of the complaint.

38.    Admits the allegations contained in paragraph number "38" of the complaint.

39.    Denies the allegations contained in paragraph number "39" of the complaint.

40.    Denies the allegations contained in paragraph number "40" of the complaint.

41.    Denies the allegations contained in paragraph number "41" of the complaint.

42.    Denies the allegations contained in paragraph number "42" of the complaint.

43.    Denies the allegations contained in paragraph number "43" of the complaint.

44.    Denies the allegations contained in paragraph number "44" of the complaint and asserts that the September 6, 2006 IEP did exist at the time M.F. was in school and further asserts that M.F. attended the District's school on September 6th, 7th, and 8th, of the 2006/07 school year.

45.    Denies the allegations contained in paragraph number "45" of the complaint.

46.    In response to paragraph "46" of the complaint, defendant refers the Court to paragraphs 1 through 45 herein.

47.    Denies the allegations contained in paragraph number "47" of the complaint.

48.    Denies the allegations contained in paragraph number "48" of the complaint.

49.    In response to paragraph "49" of the complaint, defendant refers the Court to paragraphs 1 through 48 herein.

50.    Denies the allegations contained in paragraph number "50" of the complaint.

51.    Denies the allegations contained in paragraph number "51" of the complaint.

52.    In response to paragraph "52" of the complaint, defendant refers the Court to paragraphs 1 through 48 herein.

53.    Denies the allegations contained in paragraph number "53" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**

1.    The plaintiffs' complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**

2.    The Court should defer to the determination of the SRO that plaintiffs are not entitled to tuition reimbursement for their unilateral placement of plaintiff M.F. at the Kildonan School during the 2006/07 school year.

3.    The SRO appropriately found that the District provided M.F. with a free appropriate public education and appropriately annulled the hearing officer's award of one half of the tuition reimbursement for the plaintiff's unilateral placement of M.F. at the Kildonan School for the 2006/07 school year.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**

4.    For all times relevant to this action, plaintiff M.F. has been properly classified by the CSE as learning disabled.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
DEFENDANT ALLEGES:**

5.    The District's CSE recommended a free appropriate public education program and placement for M.F. for the 2006/07 school year which was reasonably calculated to meet his

5

unique learning needs in the least restrictive environment.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES:

6.     The District had an appropriate program in place for the student at the beginning

of the 2006/07 school year.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES:

7.     The student attended the District's school for three days, starting on September 6,

2006, during the 2006/07 school year.

8.     The IEP developed on September 6, 2006 was immediately implemented on the

student's second day at school.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES:

9.     The CSE had current and accurate evaluative information upon which to premise

its special education recommendations for M.F. for the 2006/07 school year.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES:

10.     The 2006/07 IEP identified the student's present levels of achievement, functional

performance, and individual needs through descriptions and numerical data.

6

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES:

11.    The 2006/07 IEP established annual goals and objectives related to M.F.'s

educational and emotional needs.


### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES:

12.    The CSE's proposed special education program for M.F. for the 2006/07 school

year suitably grouped him with other disabled students possessing similar educational needs and

abilities.


### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### DEFENDANT ALLEGES:

13.    The parent did not voice any substantive objections at the September CSE

meeting regarding the recommendations for the student for the 2006/07 school year.

14.    On September 5, 2006, the day before the first day of school, the District received

a letter dated September 1, 2006, from the parent notifying the CSE that she was unilaterally

placing M.F. at the Kildonan School and would be seeking tuition reimbursement.

15.    This letter was then forwarded to the Interim Director of Pupil Personnel, Dr. Joel

Klein, who received it the next day, September 6, 2006, after the student's scheduled CSE

meeting.

16.    At no time during the meeting did the parent voice any objections to the CSE's

recommendations nor did she reveal her intent to unilaterally place M.F. at the Kildonan School.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**
**DEFENDANT ALLEGES:**

17.    Kildonan was an inappropriate and overly restrictive placement for M.F. given his

specific educational and emotional needs and abilities.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**
**DEFENDANT ALLEGES:**

18.    Kildonan failed to provide M.F. with specialized instruction during the 2006/07

school year to address his unique learning needs.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**
**DEFENDANT ALLEGES:**

19.    Kildonan failed to provide M.F. with specialized services, specifically counseling

services, during the 2006/07 school year to address his emotional needs.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**
**DEFENDANT ALLEGES:**

20.    The equities balance against tuition reimbursement to the plaintiffs for their

unilateral placement of M.F. in Kildonan during the 2006/07 school year.

21.    On September 5, 2006, the District received the parent's notice of her unilateral

placement of M.F. at the Kildonan School, which was dated September 1, 2006.

8

22.    Dr. Joel Klein received the letter the next day, September 6, 2006, after the student's scheduled CSE meeting.

23.    The student began attending Kildonan on September 12, 2006.

24.    The parent failed to inform the CSE of her dissatisfaction with the recommended program and placement proposed and a statement of her concerns and her intent to enroll the student at the Kildonan School at public expense at least 10 business days prior to the removal of the student from the public school.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

25.    The SRO appropriately reviewed the District's appeal and the plaintiff's cross-appeal in accordance with Burlington v. Department of Education, 471 U.S. 359 (1985).

26.    Once the challenged IEP is determined to be appropriate, the state has satisfied its obligations under the IDEA and the necessary inquiry is at an end. *See*, M.C. v. Voluntown Board of Education, 226 F3d. 60, 66 (2nd Cir. 2000).

27.    Only if a court determines that a challenged IEP was inadequate should it proceed to the second Burlington question. Id.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

28.    The SRO appropriately disregarded the plaintiffs' post hearing brief.

29.    Plaintiffs' failed to comply with 8 NYCRR 279.4 and 8 NYCRR 279.6.

30.    A memorandum of law is not a substitute for a pleading or a properly drafted petition for review.

9

31.    State regulations direct that "no pleading other than the petition or answer will be accepted or considered by a State review Officer of the State Education Department, except a reply by the petitioner to any procedural defenses interposed by the respondent or to any additional documentary evidence served with the answer" 8 NYCRR 279.6.

**WHEREFORE,** Defendant respectfully requests that the Court issue an Order dismissing the Complaint in its entirety and upholding the decision below of the State Review Officer, together with such other and further relief as the Court may deem just and proper.

DATED:    March 25, 2008
          Bedford Village, New York

                              Yours etc.,

                              KUNTZ, SPAGNUOLO & MURPHY, P.C.
                              *Attorneys for Defendant Irvington Union Free School District*
                              444 Old Post Road
                              Bedford Village, NY 10506

                              By: _____
                                     Raymond G. Kuntz (RGK 5542)


TO:    Clerk of the Court
       United Stated District Court
       Southern District of New York
       300 Quarropas Street
       White Plains, New York 10601 (via ECF)

       Hon. Stephen C. Robinson U.S.D.J.
       United Stated District Court
       Southern District of New York
       300 Quarropas Street
       White Plains, New York 10601 (via regular mail)

       Andrew K. Cuddy, Esq.
       Law Offices of Andrew K. Cuddy
       5888 Main Street
       Williamsville, New York 14221 (via ECF & regular mail)

10